OCTAVIA WETMORE, Appellant, v. BOARD OF EDU-CATION, CITY OF ST. LOUIS, Respondent.

St. Louis Court of Appeals, December 18, 1900.

1. **Teacher, Salary of in Public School of St.Louis:** BOARD OF EDUCATION, POWERS OF: SUPERINTENDENT OF INSTRUCTION, POWERS OF. In the case at bar action is brought by plaintiff to recover the salary of a teacher in the public schools of the city of St. Louis for the scholastic year beginning June 18, 1897, and ending June 18, 1898. The plaintiff was a teacher in the public school for the preceding year, and her right to recover is based on a claim of reappointment by the defendant for the above

Wetmore v. Board of Education.

specified year, and the refusal of the defendant to allow her to perform her contract or to pay her the stipulated salary. *Held*, that, under defendant's charter the Board of Education had power to appoint teachers only on the recommendation of the superintendant's report, and that when the superintendent of instruction had not recommended plaintiff for re-employment in his report to the Board of Education, June 8, 1897, and that plaintiff had been so notified prior to July 1, 1897, plaintiff was never re-appointed for the scholastic year, 1897-1898 and can not recover the amount of her salary for that time.

2. ———: ———. The power to nominate persons for the position of teachers in the public schools of the city of St Louis is vested solely in the superintendent of instruction, and the power to ratify or reject nominations made by him rests with the Board of Education.

3. ———: ———: ———: CONTRACTS OF PUBLIC TEACHERS MUST BE IN WRITING: STATUTORY CONSTRUCTION. All contracts for the employment of teachers in the public schools must be in writing and subscribed by the parties thereto. (2 R. S. 1899, sec. 6759.)

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED.

*Haughton & Brownrigg,* for appellant.

(1) The appointive power is clearly vested in the board of education. They were also invested by section 5 of their charter with power to retain any teachers or other employees who were then rendering service in connection with the public schools of the city, and this without the necessity of any recommendation from anyone. (2) The only possible construction of the action of the board in adopting the resolution of June 8, is that it was the intention of the board to continue in employment all teachers

then in the public schools and that it was intended by that portion of said resolution, which excepted from this reappointment such teachers as might be notified before July 1, that their services were no longer desired; to mean that this notification should be the notification of the board and that the persons to be so notified were intended to be selected and designated by the board. Any other construction would be clearly inconsistent with the provisions of the charter of defendant which places the appointive power in the board of education. (3) That such a power as this can not be delegated to any one is so clearly elementary that we shall cite no authorities in support of it.

*R. E. Rombauer* for respondent.

(1) The charter of the board of education vests the power of recommending teachers for appointment exclusively in its superintendent. Where his recommendation is subject to certain exceptions, it is for him and not for the members of the board to designate the exceptions. Act of March 23, 1897; Laws 1897, p. 224, sec. 7. (2) The alleged contract for the violation of which plaintiff sues, is void under the statute which requires that such contract, including the consideration, shall be in writing, and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing. Laws 1874, p. 44; 2 R. S. 1899, sec. 6759, p. 1585; Woolfolk v. Randolph County, 83 Mo. 506.

OPINION ON MOTION FOR REHEARING.

BLAND, P. J.—From the agreed statement of facts it appears that the appellant was a third assistant teacher

in the Shields School (city of St. Louis), on May 31, 1897, under the following written contract, to-wit:

"Shields School, St. Louis, Sept. 8, 1896.

"The undersigned hereby accept appointment with the rank written opposite their respective names in the public schools of the city of St. Louis for the scholastic year, 1896-1897, and such future appointments as may be given them, subject to such changes in salary as the board of President and Directors of the St. Louis public schools may make during the said year, and also subject to the present rules and regulations of the said board for the said schools, and all amendments of said rule and particularly subject to section 1 of rule 73, which is in the following language, to-wit: 'Rule 73, section 20: The teachers reappointed at the close of the scholastic year shall hold their positions for one year, it being, however, provided that any teacher may at any time during the year for which said reappointment has been made, be removed by a vote of the majority of the board, and being further provided that the board distinctly reserve to themselves the right of discontinuing the services of any and all of the teachers at any time, should they deem such an action expedient. Any teacher appointed to a position shall hold that position for that scholastic year, subject, however, to the above mentioned provisions governing teachers' reappointment at the close of a scholastic year."

That on May 31, 1897, the respondent passed the following resolution: "Resolved, that the officers, teachers and other employees of the corporation succeeded by this board be continued at their present employment and at their present compensation until otherwise ordered, and that the superintendent, secretary, auditor, architect and supply agent are instructed to file with the secretary, within five

days, their respective reports of the condition of their respective departments." That on June 8, 1897, F. Louis Soldan as superintendent of instruction of public schools (city of St. Louis), made the following recommendation, which was on the same date, in the form of a resolution, duly approved and adopted by the respondent, to-wit: "It is recommended that all supervisors, principals and teachers now in the employ of the board be reappointed to their present positions for the next scholastic year, subject to such transfers and changes as may hereafter be determined upon; subject, also, to such changes in rank and salary as may result from the re-classification of schools in accordance with provisions of the rules, with the exception of (1) such as have declined reappointment, (2) such as have been notified or may be notified on or before July 1 that their services are no longer desired, and (3) such as may be notified on or before July 1 that they have been reduced in rank or will be assigned to positions on probation, and such other teachers as it may be found necessary to discharge on account of such measures of retrenchment as may be adopted by the board, it being, however, provided that such reappointments are made in accordance with section 1, rule 73 of the board of public schools, and on condition that each sign an acceptance of appointment as provided for by a former action of the board of public schools."

That on June 19 the appellant received the following written notice:

"St. Louis, Mo., June 19, 1897.
"Mrs. Octavia Wetmore, St. Louis, Mo.

"Under the rules of the Board all appointments of teachers are made for the period of one scholastic year.

"In consequence your contract expired with the close of the scholastic year, and I respectfully inform you that

it is not the intention to recommend a renewal of the contract.

"Should you prefer to place your resignation on file. kindly forward it to this office.

"Very respectfully,

"F. Louis Soldan,

"Superintendent."

That on the same date the committee of respondent on instruction held a meeting and made the following entry in its minutes: "The Committee on Instructions met on Saturday, June 19, 1897, at 2 o'clock p. m. The superintendent stated to the committee that he could not recommend the following teachers for reappointment and explained the reason briefly for his action in every case. The committee resolved that these names, with the superintendent's action, be placed on the records of the committee on instructions, not to be reappointed on account of unsatisfactory work— Mrs. Octavia Wetmore, third assistant, Shields."

Section 5 of the charter of respondent contains the following provision. "Such board of education may continue the employment and service of any existing officers, teachers, agents or other employees in their several capacities in connection with the administration of school affairs, until such time as they may effect a change of the administrative system applicable to the public schools, as contemplated in this Act; and said board of education may thereafter retain or remove any agents, teachers, janitors, or engineers then rendering service in connection with the public schools of said city." By section 7 of the respondent's charter the superintendent of instruction is given a great many powers, but no authority is conferred on him to remove or dismiss a teacher—this power is conferred on the board of education alone.

The written contract of appellant's employment was a continuing one, good for the succeeding year, if she should be re-employ d on the same terms and from year to year thereafter on her re-employment. If, therefore, she was re-employed for the scholastic year, 1897-1898, the employment is not void, because not evidenced by a written contract. Nor do we think the board of education exhausted its powers of re-employment by resolution conferred on it by section 5 of the charter by the passage of the resolution of May 31. The latter clause of the section which provides that "And said board of education may thereafter retain or remove any agents, teachers, janitors or engineers then rendering service in connection with the public schools of said city," is meaningless, if the authority is denied the board of education to repeat, at any time, its action of May 31. This section of the charter, not only conferred the authority on the new board of education to continue in service the employees of the outgoing board on the occasion of the succession of the new board, but also thereafter, at or near the end of any scholastic year to re-employ, by resolution, teachers for the succeeding scholastic year who had contracts like that of appellant, and thus save the expense, time and labor of entering into a new written contract with each one of the many hundreds of teachers employed in the public schools of the city. The resolution of June 8, we, think, was clearly within the power of the board to pass, and its effect was to re-employ the appellant provisionally, and she was employed, unless she comes within one of the excepted classes. One of the class who can not claim employment under the resolution is, "such (teachers), as have been or may be notified on or before July 1 that their services were no longer desired." She was notified by Mr. Soldan on June 19. Her contention is that the notice did not come

from the board of education, and that Soldan had no authority to give the notice, and that the notice was ineffectual to bring her within the excepted class. The resolution made no provision for the giving or service of notice, except as to the time within which it should be given. It seems to us that, in the absence of any provision in the resolution designating by whom the notices should be given, and in view of the fact that no teacher can be employed without being first recommended by the superintendent of instruction, that the intention of the board was that the notices should be given by the superintendent of instruction. Whether this be true or not, the fact remains that the notice he gave appellant was reported to the committee of the board of instruction on the day it was given, and was by it approved. So that whether Mr. Soldan had authority in the first instance to give the appellant the notice or not, he assumed to act as the agent of the board for that purpose, and his action was ratified by the board, through its committee on instruction before July 1. The notice and its ratification in due time excepted the appellant from re-employment for the scholastic year, 1897-1898.

Our conclusion is that appellant was not employed as a teacher for the scholastic year, 1897-1898, by the board of education, and is not entitled to recover. The views herein expressed though leading to the same result are opposed to those expressed in the opinion of the court heretofore filed in the cause, for which reason said former opinion is withdrawn; this opinion to take its place as the opinion of the court.

The motion for a rehearing is overruled and the judgment of the circuit court is affirmed.

All concur; Judge *Biggs* concurs in result and writes a separate opinion.

SEPARATE OPINION BY JUDGE BIGGS.

Prior to May 31, 1897, the public schools of the city of St. Louis were under the management of the Board of President and Directors of the St. Louis public schools. An act of the legislature passed at its session in 1897 (Session Acts, 1897, page 221), wrought an entire change in the public school system in cities having over three hundred thousand inhabitants. It provides that such a city should constitute a single school district, should be a body corporate, and that supervision of its schools should be vested in a board of twelve members, called the board of education, and in a superintendent of instruction and in a commissioner of public schools. By the terms of the act the election and organization of such boards of education *eo ipso* revoked the charter of the then existing boards and vested in the new organizations the management of the public schools. The law also provides that upon the organization of the new boards they should have power to continue the employment of teachers and other officers then in the service of the public schools, until such time as they may effect a permanent change in the administrative system of the schools, as contemplated by the act, and that thereafter all appointments promotions and transfers of teachers should be made only *upon the recommendation of the superintendent of instruction and the approval of the board.* Soon after the enactment of the law an election was held thereunder in the city of St. Louis. On the thirty-first day of May, 1897, the newly elected members of the board of education effected an organization and the board on that day adopted the following resolution, to-wit: "Resolved, that the officers, teachers and other employees of the corporation succeeded by this board be continued at their present employment and at their present

compensation until otherwise ordered," etc. Thereafter, F. Louis Soldan was appointed superintendent of instruction, and on the eighth day of June, 1897, he made the following recommendation to the board for the reappointment of teachers for the next scholastic year beginning on the eighteenth day of June, 1897, to-wit:

"It is recommended that all supervisors, principals and teachers now in the employ of the board be appointed to their present positions for the next scholastic year, subject to such transfers and changes as may hereafter be determined upon, subject, also, to such changes in rank and salary as may result from the reclassification of schools in accordance with provisions of the rules, with the exception of (1) such as have declined reappointment, (2) such as have been notified or may be notified on or before July 1, that their services are no longer desired, and (3) such as may be notified on or before July 1, that they have been reduced in rank or will be assigned to position on probation, and such other teachers as it may be found necessary to discharge on account of such measures of retrenchment as may be adopted by the board; it being, however, provided that such reappointments are made in accordance with section 1, rule 73 of the board of public schools, and on condition that each sign an acceptance of appointment as provided for by a former action of the board of public schools." See official Report, vol. IV, pp. 173 and 174.

The present action is brought by plaintiff against the board of education of the city of St. Louis to recover the salary of a teacher in the public schools of the city for the scholastic year beginning June 18, 1897, and ending June 18, 1898. The plaintiff was a teacher in the public school for the preceding year, and her right to recover is based on a claim of reappointment by the defendant for the above

specified year, and the refusal of the defendant to allow her to perform her contract or to pay her the stipulated salary. There is no controversy about the facts. In addition to the matters already stated, it was conceded that on the nineteenth day of June, 1897, the superintendent of instruction notified the plaintiff that her contract as teacher for the preceding year would not be renewed, and it was in evidence that the superintendent on the same day notified defendant's committee of instruction of his action in reference to the re-employment of plaintiff, which was approved by the committee. The cause was submitted to the court without a jury. Upon its own motion the court gave the following declaration of law, to-wit:

"The court of its own motion declares the law to be that, under the defendant's charter, the board had power to appoint teachers only on the recommendation of its superintendent of instruction. That the proper construction of the superintendent's report to the board of June 8, 1897, is, that he did not recommend those for appointment who would be notified by him prior to July 1, next, that their services were no longer desired, and since it was admitted that plaintiff was so notified, she was never reappointed for the scholastic year, 1897-1898, and can not recover in this action."

The judgment was for the defendant and the plaintiff has appealed.

As the briefs of counsel contain no formal assignments of error, I am somewhat in doubt as to appellant's idea of the law of the case. It is not possible to adopt the suggestion that the resolution of the defendant board of May 31, continuing the teachers of the public schools in their then employment, was tantamount to their reappointment for the next scholastic year. As the old board had become defunct,

such a resolution was necessary in order to continue teachers in their employment until the end of the scholastic year, and such was its intention and legal effect. The legislature had in mind the complications that might arise from the contemplated change in the school system during the scholastic year, and therefore the incoming Boards were expressly authorized to retain the old employees until a final change could be effected in the administrative management of the schools. Therefore, the only effect of the resolution was to continue the plaintiff as teacher until the end of the scholastic year, to-wit, June 18, 1897.

As heretofore stated, the superintendent of instruction on June 8, 1897, recommended that all teachers be re-employed for the next scholastic year "except such as have been notified or may be notified on or before July 1 that their services are no longer desired." Counsel for appellant strenuously contend that by the adoption of this recommendation the defendant intended that all teachers should be retained except those that *defendant* might notify that their services were no longer needed. If the members of the defendant board had any such intention, it can not prevail, for it would be a usurpation of authority. The power to nominate persons for the position of teachers is vested *solely* in the superintendent of instruction, and the power to ratify or reject nominations made by him rests with the board of education. I therefore am of the opinion that the legal effect of the action of the board of education in adopting the recommendation of the superintendent of instruction was the re-employment of all teachers then engaged in the public schools, except those the superintendent might see proper to discharge on or before the first day of July, and that any such action on his part was then ratified. As it is conceded that the plaintiff was so notified, it follows that her action is without foundation.

But if all the plaintiff contends for be conceded, there is an insuperable legal obstacle to her recovery in the action. All contracts for the employment of teachers in the public schools must be in writing and subscribed by the parties thereto (2 Revised Statutes 1899, section 6759). It is not pretended that in making the contract relied on by plaintiff any attempt was made to comply with this requirement of the law.

For the foregoing reasons I concur in affirming the judgment.